UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LAWRENCE DOMINGO RILEY                                                    PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 1:09CV201-RHW

HEALTH ASSURANCES, LLC.; PAT OLSEN;
and HARRISON COUNTY, MISSISSIPPI                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Lawrence Domingo Riley, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging constitutionally inadequate medical care for treatment of injuries and pain in his hip, leg and lower back that resulted from a slip and fall at the Harrison County Adult Detention Center (HCADC). Plaintiff also alleges deliberate indifference for treatment of stomach issues caused by pain medications Plaintiff received for treating his injuries. This matter is now before the Court on Defendants' [41, 47] Motions for Summary Judgment and Plaintiff's [45] Motion for Summary Judgment. Although the Court has not set a trial date, Plaintiff also has filed a [40] Motion to Subpoena Witnesses and a [43] Motion in Limine to exclude certain evidence at trial.

## Factual Background

Plaintiff alleges that on December 30, 2008, he slipped and fell while exiting the shower at HCADC. As a result of the fall, Plaintiff alleges injuries to his left hip, left leg, and lower back. He also alleges gastrointestinal problems associated with medications prescribed for treatment of the injuries.

At the screening hearing, Plaintiff testified that a nurse spoke with him approximately 30 minutes after the incident. However, he testified that he was not examined by a doctor until January 12, 2009. A review of the medical records reveals that Plaintiff first completed a form requesting medical care for his injuries on January 3, 2009. At that time, the nurse administered Motrin twice daily for five days. A nurse examined Plaintiff on January 12, 2009. Dr. Faison then examined Plaintiff on January 21st, diagnosed Plaintiff with a lumbosacral sprain/strain, ordered an x-ray, and prescribed Naprosyn and Flexeril for ten days. A January 22nd x-ray revealed mild degenerative arthritic changes with no evidence of fracture or dislocation. A nurse examined Plaintiff on February 12th in response to Plaintiff's continued complaints about leg and hip pain. On that same day, Dr. Faison prescribed seven days of ibuprofen for the pain.

On February 16th, Dr. Hughley examined Plaintiff. Dr. Hughley opined that Plaintiff suffered from sciatica and prescribed ibuprofen for 21 days and Tylenol with codeine for 7 days. On March 13th, the nurse saw Plaintiff due to complaints of hip, leg, and foot numbness. In conjunction with the examination, Dr. Faison ordered ibuprofen twice daily for seven days. On March 18th, Dr. Faison examined Plaintiff for his lower back pain and opined that Plaintiff suffered from chronic lumbosacral pain. Dr. Faison prescribed Flexeril and Naprosyn for 14 days and Ultram for 7 days. On April 7th, in response to Plaintiff's continuing complaints of pain, medical personnel prescribed Motrin twice daily for nine days. On April 12th, Dr. Hughley ordered a blanket or mattress or pillows to elevate Plaintiff's knees. This order was re-newed on April 17th, when Dr. Hughley examined Plaintiff. At this time, Dr. Hughley prescribed Ultram and ibuprofen as well as Flexeril. At the screening hearing, Plaintiff acknowledged that he received a mattress to put his legs at a 90 degree angle, but the mattress was not provided until

2

approximately two to three months after it was ordered.

On May 4th, during medication distribution, Plaintiff reported that he was vomiting 2 to 3 hours after taking his medication. The nurse told Plaintiff to inform the correctional officer or notify medical personnel if and when the vomiting occurred. There is no record that Plaintiff ever notified anyone about vomiting. On May 12th, in response to Plaintiff's complaints of upset stomach, Dr. Faison ordered that the dosage and frequency of Plaintiff's ibuprofen be decreased. Dr. Faison also prescribed Prilosec. On May 14th, Plaintiff again complained to the nurse that he was vomiting from the medications. The nurse again instructed Plaintiff to notify medical personnel when he vomited so they could inspect the vomit. According to the medical record of May 14th, Plaintiff argued with the nurse and refused to agree to notify medical when he vomited. On May 20th, Dr. Hughley ordered that Plaintiff be given Flexeril and Tylenol for 30 days. On May 28th, a nurse examined Plaintiff because of complaints regarding pain and a change in his medications. On June 8th, nurses examined Plaintiff following his complaints of pain and that his medications were not helping. Dr. Hughley issued an order for Naprosyn twice daily for three months for pain.

On July 9th, Plaintiff requested food to take with his medications. On July 14th Defendant Pat Olsen responded that Riley should ask a doctor to issue an order for food with medications. Olsen placed Plaintiff on the nurse call list for Plaintiff to make his request. At the screening hearing, Plaintiff testified that Dr. Hughley examined him on July 17th, regarding his stomach problems. Dr. Hughley prescribed stomach medications at that time.

## Law and Analysis

Fed. R. Civ. P. 56(c) authorizes summary judgment where "the pleadings, depositions,

answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment". *Id.* at 709. However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

To state a constitutional claim for denial of adequate medical care, Plaintiff must

4

demonstrate that Defendants were deliberately indifferent to Plaintiff's serious medical needs, such that it constituted an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official is not liable for the denial of medical treatment unless the official knows of and disregards an excessive risk to inmate health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). An allegation of malpractice or mere negligence is insufficient to state a claim. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). Moreover, the fact that a prisoner disagrees with the type of medical treatment does not constitute a constitutional deprivation. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

Based on a review of the medical records outlined above, there is no genuine issue of material fact on the issue of whether Plaintiff received constitutionally adequate medical care. Undisputed summary judgment evidence demonstrates that medical personnel responded to Plaintiff's complaints of leg, hip and back pain as well as to his complaints of stomach problems allegedly caused by medications. Plaintiff was examined by nurses and doctors on numerous occasions; prescribed muscle relaxers, anti-inflammatories and pain medication; and had an x-ray performed on his back. Over the course of approximately seven months following the slip and fall, Plaintiff was examined at least 8 times and was prescribed or administered medication regimens on at least ten different occasions. Dr. Faison also responded to Plaintiff's complaints of upset stomach by decreasing the dosage and frequency of ibuprofen and prescribing Prilosec. There is no summary judgment evidence that Defendants were deliberately indifferent to Plaintiff's medical needs. Rather, Plaintiff merely disagrees with the type of treatment, for example his assertion that he is entitled to an MRI and that the prescribed pain medications were not working. Thus, the Court finds that there is no genuine issue of material fact on the issue of

5

whether Defendants provided constitutionally inadequate medical care.

Plaintiff also has failed to state any cause of action against Defendant Harrison County under a theory of municipal liability. To state a cause of action for municipal liability, Plaintiff must establish three elements: (1) an official policy, practice or custom; (2) the official policy must be linked to the constitutional violation; and (3) the official policy must reflect the municipality's deliberate indifference to the injury. *Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002); *see also Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Municipal liability may not be predicated on *respondeat superior*. *Piotrowski*, 237 F.3d at 578.

Plaintiff has failed to point to any policy or custom that resulted in a constitutional violation. Moreover, given the fact that there is no genuine issue of material fact on the issue of whether Plaintiff received constitutionally inadequate medical care, it follows that Plaintiff cannot demonstrate a constitutional violation. Having failed to demonstrate a constitutional violation, Plaintiff cannot show that any official policy or custom was the "moving force" behind the constitutional violation. *See Lawson*, 286 F.3d at 263. The Court finds that there is no genuine issue of material fact on the issue of whether Defendant Harrison County violated Plaintiff's constitutional rights under a theory of municipal liability.

Based on the foregoing, IT IS ORDERED AND ADJUDGED that Defendants' [41, 47] Motions for Summary Judgment are GRANTED and that Plaintiff's [45] Motion for Summary Judgment is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's claims against all Defendants are hereby dismissed with prejudice. In light of the Court's ruling on summary judgment and the subsequent dismissal of Plaintiff's claims, Plaintiff's [40] Motion to Subpoena

Witnesses and [43] Motion in Limine are found to be MOOT.

SO ORDERED, this the 11th day of January, 2010.

*s/ Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE